UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

NATALY GONZALEZ,

    Plaintiff,

vs.

GMMI, INC., a foreign for-profit corporation,

    Defendant.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff NATALY GONZALEZ, through undersigned counsel, sues Defendant GMMI, INC., a foreign for-profit corporation, and alleges as follows:

1. This is an action for unlawful failure to pay overtime compensation as required by the federal Fair Labor Standards Act, 29 U.S.C. §207(a) ("FLSA"), and its implementing regulations.

2. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the FLSA, 29 U.S.C. §216(b).

3. Venue is proper in this Court as all actions complained of herein occurred in the Southern District of Florida.

4. Plaintiff is, at all relevant times was, a resident of Broward County, Florida, and is *sui juris*.

5. Defendant is, and at all relevant times was, a foreign for-profit corporation authorized to do business in the State of Florida and doing business in Broward County, Florida. Defendant is, and at all relevant times was, a certified provider of medical cost containment,

travel assistance, and medical risk management solutions that, upon information and belief, used, purchased, and sold materials and goods in interstate commerce and had annual gross revenues in excess of $500,000.00.

6. At all relevant times Defendant was an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had gross annual revenues of not less than $500,000.00.

7. At all relevant times there was and is individual coverage of Plaintiff under the FLSA as she was an employee of Defendant who regularly, and in the ordinary course and scope of her work for Defendant, used the instrumentalities of interstate commerce, such as the telephones, mail, internet, and email, to perform her work; would regularly by telephone, mail, and email communicate with Defendant's customers, clients, and third party vendors located in states outside the state of Florida; and would regularly handle goods, products, and materials that were manufactured and/or moved in interstate commerce.

8. Plaintiff was employed by Defendant at first in the position of claims processor and then doing both claims processing work and medical records translating work commencing June 2020. At all relevant times Defendant paid Plaintiff at an hourly rate of pay plus time and one-half her regular hourly rate for any overtime work she worked in excess of 40 hours in a workweek.

9. At all times during her employment with Defendant, from in or about 2019 through September 21, 2022, when she resigned her employment, Plaintiff was categorized by Defendant and worked as a non-exempt hourly employee who regularly worked over 40 hours in one or more work weeks.

10. During her employment, for the 40 regular hours per work week she was required to work, Plaintiff performed work as a claims processor. However, beginning in June 2020 and through mid-June 2022, Plaintiff and other bilingual employees were directed by Overseas Claims Supervisor Chantal Sawabini to perform additional work before and/or after their regular working hours translating into English medical records in connection with claims that Defendant was handling. Defendant sought to have its bilingual employees handle all the translating work that previously had been sent to an outside vendor to perform, Lotus Translation, in order to cut Defendant's costs for this work.

11. Originally, Ms. Sawabini informed Plaintiff that FEP Account Manager, Rodney Cowart, had approved "unlimited overtime" for the large amount of additional translating services that were to be performed. However, beginning in or about June 2021, when Ms. Sawabini saw the large amount of overtime hours that regularly were being logged in by Plaintiff, Ms. Sawabini informed Plaintiff that she should no longer report or enter all her actual overtime hours into Defendant's system as Ms. Sawabini feared that the substantial amount of overtime required to perform the additional translating work would be questioned by Defendant's Human Resources department. As a result of this directive from Ms. Sawabini, beginning in June 2021 Plaintiff reported substantially less overtime work per work week than the total number of overtime hours she actually worked doing the translating work – additional overtime that Ms. Sawabini and Mr. Cowart knew Plaintiff had been working to do the medical record translations.

12. Because of the high volume of translating work Defendant directed Plaintiff to perform, Plaintiff often worked from 75 to 100 hours of overtime work each work week in addition to her regular 40-hours per week doing claims processing work. In addition, Plaintiff

worked many extra overtime hours while on vacation, paid time off days, and holidays. Although she personally kept records of the total amount of translating work she was performing and the actual hours she worked to perform it, Plaintiff, based on Ms. Sawabini's directives, drastically under-reported her overtime each month.

13. For those overtime hours Plaintiff did report, Defendant properly paid Plaintiff the required time and one-half her regular hourly rate of pay. However, for those numerous overtime hours Plaintiff actually performed translating work but she did not report – yet which Plaintiff's supervisors and Defendant's management, including Ms. Sawabini and Mr. Cowart, knew Plaintiff had performed – Plaintiff was not paid the required time and one-half times her regular hourly rate of pay as required by the FLSA.

14. For the period June 1, 2021 through July 31, 2021, Plaintiff's hourly rate was $15.51 per hour with a time and one-half time overtime rate of $23.265. From August 1, 2021 through April 1, 2022, Plaintiff's hourly rate was $17.00 per hour with a time and one-half overtime rate of $25.50. From April 1, 2022 through the mid-June 2022, when Plaintiff was directed to stop working any overtime, Plaintiff's hourly rate was $17.51 per hour with a time and one-half overtime rate of $26.265.

15. For the period June 1, 2021 through July 31, 2021, Plaintiff estimates she worked a total of 686 total overtime hours of which she did not report 340 overtime hours, for unpaid overtime compensation due her in the amount of $7,910.10. For the period August 1, 2021 through April 1, 2022, Plaintiff estimates she worked a total of 2,792 overtime hours of which she did not report 961 overtime hours, for unpaid overtime compensation due her in the amount of $24,505.50. For the period April 1, 2022 through mid-June 2022, Plaintiff estimates she

worked a total of 896 overtime hours of which she did not report 164 overtime hours, for unpaid overtime compensation due her in the amount of $4,307.46.

16. Plaintiff estimates that for the period beginning in June 2021 to mid-June 2022, when her overtime hours were eliminated, Plaintiff worked a total of 1465 unreported but worked overtime hours doing translating work for which she was not paid the time and one-half her regular hourly rate of pay as required by the FLSA. Plaintiff estimates that the total amount of unpaid overtime she is owed is $36,723.06.

17. While Plaintiff kept and maintained some of her pay and time records, the complete records of the compensation actually paid to Plaintiff are currently in the possession, custody, and control of Defendant. Upon information and belief, however, Defendant has intentionally, and to deliberately avoid overtime payment liability to Plaintiff under the FLSA, failed to keep and maintain all required records of hours Plaintiff actually worked per the record-keeping requirements of the FLSA.

18. All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

19. Plaintiff has hired the undersigned law firm to represent him in this case and has agreed to pay the firm a reasonable fee for its services.

## COUNT I – UNPAID OVERTIME VIOLATION OF FLSA

20. Plaintiff re-alleges paragraphs 1 through 19 as if set forth fully herein.

21. Under the FLSA, Defendant was obligated to pay Plaintiff time and one-half of her regular hourly pay rate for all hours worked in excess of 40 hours per work week. Plaintiff worked in excess of 40 hours per work week in one or more weeks and was not paid the required

one and one-half times her regular hourly rates for all overtime hours worked, as required by the FLSA.

22. Defendant has failed and refused to pay Plaintiff the required one and one-half-times her regular hourly rate for an estimated total of 1465 worked but unreported overtime hours in violation of the FLSA overtime requirements of 29 U.S.C. §207(a).

23. As a direct and proximate result of Defendant's violations of the FLSA, Plaintiff has suffered damages equal to one and one-half times her hourly rate of pay in the total amount of $36,723.06 for those overtime hours she has not been paid, plus double that amount in the amount in liquidated damages as provided by the FLSA.  Plaintiff thus has suffered a total of $73,446.12 in unliquidated and liquidated damages as a result of Defendant's violation of the overtime provisions.

24. Defendant engaged in its overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of Plaintiff's rights under the law.

25. Plaintiff is entitled to recover her costs, expenses, and reasonable attorney's fees under the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendant for the following relief:

A. A declaration that Defendant is in violation of the FLSA by failing to pay Plaintiff all due overtime compensation;

B. An award to Plaintiff of all unpaid overtime incurred within the three-year period immediately preceding the filing of this Complaint as required under the FLSA;

C. An award to Plaintiff of liquidated damages equal in amount to the unpaid overtime award,

D. An award to Plaintiff of all costs, expenses, and reasonable attorney's fees incurred in this case, and

E. Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

DATED:  November 22, 2022.

        RODERICK V. HANNAH, ESQ., P.A.
        Attorneys for Plaintiff
        4800 N. Hiatus Rd.
        Sunrise, Florida 33351
        Telephone:  (954) 362-3800
        Facsimile:   (954) 362-3779
        Email:  rhannah@rhannahlaw.com

        By  /s/ *Roderick V. Hannah*
            Roderick V. Hannah
            Fla. Bar No. 435384